J. J. ROBERTSON, *Appellee*, v. MARY A. TARRY, *as Administratrix, etc., Appellant.*

No. 16,783.

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Instrument in Writing—Death of Obligor—Appointment of Administrator.* Ann Wiseman executed three notes, one dated September 16, 1904, one December 1, 1904, and one May 1, 1905, each payable to the appellee and due one day after date. The maker died December 31, 1905, and an administratrix of the estate of the deceased was appointed May 28, 1909. This action was brought against the administratrix July 1, 1909, in the district court of the county. *Held*, that the action was not barred by section 106 of the executors and administrators act or by section 17 of the code of 1909.

Appeal from Leavenworth district court. Opinion filed January 7, 1911. Affirmed.

*W. W. Hooper*, for the appellant.

*A. E. Dempsey*, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought on July 1, 1909, by the appellee against the appellant as administratrix of the estate of Ann Wiseman, deceased. The three notes sued on were executed by Ann Wiseman on September 16, 1904, December 1, 1904, and May 1, 1905, respectively, and each note was due one day after date. Ann Wiseman died December 31, 1905. The administratrix of her estate was appointed May 28, 1909. Judgment was rendered on the notes as prayed for, and the administratrix brings the case here.

It is contended on the part of the appellant that, if no relative or heir of the deceased procured the appointment of an administrator of the estate in fifty days after the death of Ann Wiseman, it was the duty of the appellee to secure such appointment, and, as

more than three years and fifty days had elapsed after such appointment should have been secured by the appellee, that the action was barred by section 106 of the executors and administrators act. (Gen. Stat. 1868, ch. 37, § 106, Gen. Stat. 1909, § 3541). Section 106 reads as follows:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within three years from the time of his giving bond."

It will be observed that the limitation provided by this section runs expressly from the time the administrator appointed gives bond as such, and not from the time of the death of the debtor, nor from the time when the appointment of an administrator could have been procured on application of the creditor. This action was brought a little more than one month after the appointment of the administratrix, and before the expiration of five years from the maturity of the oldest of the three notes.

It has been repeatedly decided by this court that the creditor is entitled to the full five years to bring his action upon a promissory note, under section 17 of the code of 1909 (former Code, § 18) ; also, where the debtor dies during such five-year period, that the running of the statute will be tolled for fifty days after his death, during which time the creditor is not authorized to apply for the appointment of an executor or administrator. In *Bauserman v. Charlott*, 46 Kan. 480, however, it was intimated that the creditor might be entitled to a reasonable time after the lapse of the fifty days to apply for such appointment, during which time the statute would be tolled. In this case, however, the appellee did not need any tolling of the statute to bring the commencement of his action within the five years from the time of the maturity of the notes; he

brought the action, as we have seen, very shortly after the appointment of the administratrix.

By the express provisions of section 86 (Gen. Stat. 1868, ch. 37, § 86, Gen. Stat. 1909, § 3521) of the executors and administrators act he had a right to establish his claim by the judgment of the court in which he brought the action.

The provision of section 12 (Gen. Stat. 1868, ch. 37, § 12, Gen. Stat. 1909, § 3447) of the executors and administrators act, which in effect debars the creditor for fifty days from moving to secure the appointment of an administrator, does not impose upon him the duty of securing the appointment of an administrator or affect the limitation provided for in section 106. The limitation provided by section 17 of the code is held, in favor of the creditor, to be tolled during such time after the death of the debtor as there existed no one against whom an action could be brought, but, at most, not exceeding a reasonable time after the lapse of fifty days from the death of the debtor. The tolling of the statute is for the benefit of the creditor. He may move for the appointment of an administrator in fifty days after the death of the debtor. By failing so to move with reasonable promptness, he can not prolong the tolling of the limitation provided in section 17 of the code. (See *Hanson v. Towle, Adm'r,* 19 Kan. 273; *Bauserman v. Charlott,* 46 Kan. 480; *Andrews v. Morse,* 51 Kan. 31, 33; *Kulp v. Kulp,* 51 Kan. 341; *Wey v. Schofield,* 53 Kan. 248; *West v. Bank,* 66 Kan. 524.)

The judgment of the court, being in accordance with the views herein expressed, is affirmed.