No. 22,981.

*In re* THE ESTATE OF SARAH E. SPRUENS, Deceased (FRANCIS M. CLARK, Claimant, *Appellee,* v. T. J. EATON, as Administrator, and W. C. SPRUENS, as Sole Heir, etc., *Appellants.*)

### SYLLABUS BY THE COURT.

1. *Claim Against Estate—Limitation of Action—Credits.* The evidence tended to show a credit on the claimant's account which kept the three-year statute of limitation from running.

2. SAME—*Want of Diligence in Presenting Claim—Limitation of Action.* The claimant waited more than two years and fifty days from the death of the decedent to procure the appointment of an administrator to whom his claim could be presented, and therefore, following *Hoover v. Hoover's Estate,* 104 Kan. 635, 180 Pac. 275, and cases cited, it is held he is thereby precluded from recovering, under section 4565 of the General Statutes of 1915.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed October 8, 1921. Reversed.

*W. P. Hackney, L. D. Moore, Grant Stafford,* all of Winfield, and *A. L. Noble, of Wichita,* for the appellants.

*Emory W. Earhart,* of Winfield, for the appellee.

The opinion of the court was delivered by

WEST, J.: Sarah E. Spruens died November 12, 1914, leaving her husband as her only heir. May 5, 1917, on the petition of Francis M. Clark, an administrator was appointed. His claim—the only one—was filed against the estate, May 10, 1917, for money lent June 12, 1909, $1,500, about November 12, 1914, $5, interest $720, total, $2,225, with credit for the use of a room, $522—leaving a balance of $1,703. The claim was allowed by the probate court and an appeal was taken to the district court where the jury returned a verdict in favor of the

claimant.  The administrator demurred to the evidence, which demurrer was overruled, and from this judgment he appeals and contends that the claimant was barred by the three-year statute of limitation, and that the statute of nonclaim, section 4565 of the General Statutes of 1915, also precludes his recovery.

There was evidence indicating that in 1908 the claimant lent his stepmother $1,800.  The testimony of the banker and the production of a certain check tended to show such fact.  It was suggested on the argument that the claimant had forgotten the exact amount of the loan and as he was sure of only $1,500 and interest, less credits, he could not recover more.  It appears that the jury found the exact amount claimed, $1,703, which the court reduced to $1,500, and from which there is no cross appeal.

The claim would appear to be barred save for testimony to the effect that for more than five years Mr. Clark had the use of a room at the house of the deceased for which he gave her credit at the rate of $90 a year; amounting to $522.  It appeared that Mrs. Spruens had said in substance that this room rent was to offset the interest on the note, and while the evidence of the witness so testifying was severely criticized by counsel we find nothing in the record which precludes giving it credence as the trial court seems to have done.

It is contended that there was no evidence introduced to avoid the operation of the statute of nonclaim, and that as the creditor permitted more than two years and fifty days to elapse before applying for an administrator he lost his right to proceed against the estate.  In *Bauserman v. Charlott,* 46 Kan. 480, 26 Pac. 1051, it was held that a creditor having a claim to establish against an estate may, if the widow or next of kin refuse to take out letters for fifty days after the death of the deceased, obtain the appointment of an administrator, and he cannot without good reason defer making such application until the statute of limitation has run, and then contend that all of the time from the death of the debtor to the appointment of the administrator the statute of limitations is suspended on account of the nonappointment of such administrator.

"If a creditor would save his claim against the estate of a decedent from the bar of the statute, he must exercise reasonable diligence, if the

widow or next of kin refuse to take out letters of administration, to ob-
tain administration for himself or some other person." (Syl. ¶ 4.)

In *Kulp v. Kulp*, 51 Kan. 341, 32 Pac. 1118, it was held that
a creditor must take affirmative action within a reasonable time
or the statute will run. *Bauserman v. Charlott* was approved
and followed. It was held in *Brown v. Baxter*, 77 Kan. 97, 94
Pac. 155, 574, that where no administrator has been appointed
the claim of a creditor will become void at the end of three
years from the last date on which an administrator might have
been appointed.

"Where the parties immediately interested in an estate fail to have
an administrator appointed within the time fixed by the statute, then
any creditor may cause one to be appointed, and from the time when
such appointment could have been made the three-year statute of limita-
tion begins to run against the creditors, whether an appointment is made
or not." (p. 110.)

The three-year statute was changed to two in 1911. (Laws
1911, ch. 188, § 4.) *Hoover v. Hoover's Estate*, 104 Kan.
635, 180 Pac. 275, discusses, reviews and affirms the Bauser-
man, Kulp and Brown cases. There the executor failed to
present his own claim. It was said:

"If, however, there had been a coexecutor, it would have been Hoover's
duty to exhibit his demand to that coexecutor under section 4582, or sec-
tions 4565 and 4590 would apply to him, unless those sections are modified
by section 4592 . . . E. G. Hoover argues that sections 4565 and
4590 began to run from the publication of the notice of appointment as
executor, but that argument is faulty for the reason announced in
*Bauserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051; *Kulp v. Kulp*, 51 Kan.
341, 32 Pac. 1118; and *Brown v. Baxter*, 77 Kan. 97, 94 Pac. 155, 574,
where it was held that these statutes run against a creditor who permits
the statutory time to elapse without procuring the appointment of a
personal representative to whom the creditor's claim may be presented."
(p. 641.)

(See, also, *Collamore v. Wilder*, 19 Kan. 67; *Scroggs v. Tutt*,
23 Kan. 181, 188, syl. ¶ 5; *Andrews v. Morse*, 51 Kan. 30, 32
Pac. 640; *Bank v. King*, 60 Kan. 733, 57 Pac. 952; *Faler v.
Culver*, 94 Kan. 123, 146 Pac. 333.)

Here the death occurred November 12, 1914. The fifty days
would be up January 1, 1915, and the statute of nonclaim
(§ 4565) would have had full operation by January 1, 1917.

The language of the section amended was: "All demands

not thus exhibited within two years shall be forever barred, . . ." (Gen. Stat. 1915, § 4565), and this precise language was retained in the amendatory section save the change of three to two years. Words could hardly be plainer, and the decisions cited simply give to them their natural and necessary effect.

The application for administration was not made until May 5, 1917—more than four months too late. For this reason the plaintiff is precluded from recovery.

The judgment is therefore reversed, and the cause remanded with directions to enter judgment for the defendant.