No. 29,006.

E. G. FORRESTER, *Appellant,* v. MINNIE R. FALKENSTIEN, as Administratrix, etc., *Appellee.*

(283 Pac. 623.)

Opinion filed January 11, 1930.

*W. F. Challis* and *B. C. Pickering,* both of Wamego, for the appellant.
*Walter G. Thiele,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The question involved in this appeal is whether the holder of a note given by a person now deceased can maintain an action on such note against the administrator of the estate by bringing it in the district court more than one year after the appointment and qualification of the administrator, it being claimed that the limitations and restrictions which might bar it in the probate court do not apply to actions in the district court.

The plaintiff herein brought this action in the district court of Pottawatomie county two years and three months after the appointment and qualification of the administrator in the probate court of the same county. The answer of the administrator admitted the execution and delivery of the note, but pleaded the bar of R. S. 22-701, 22-702 and 22-727, as amended by sections 1, 2 and 4 of chapter 161 of the Laws of 1925. After the filing of a reply in the form of a general denial, and the making of formal admissions on both sides, which eliminated all other issues except the bar of the statutes pleaded in the answer, the court sustained the motion of the defendant for judgment for the defendant on the pleadings and admissions. From this judgment the plaintiff appeals, claiming these statutes apply only to proceedings in the probate court and

are not limitations on proceedings in the district court, citing *Robertson v. Terry*, 83 Kan. 716, 112 Pac. 603; *Robertson v. Terry*, 85 Kan. 450, 116 Pac. 486; *Farmers State Bank v. Callahan*, 123 Kan. 638, 256 Pac. 961.

In the first case cited no administrator was appointed until more than three years after the death of the maker of the notes, but the action was commenced in the district court against the administrator about two months after his appointment and before any of the notes were five years old. It was held that "the action was not barred by section 106 of the executors and administrators act or by section 17 of the code of 1909." The last reference is to the five-year statute of limitations, and section 106 of the executors and administrators act was the same as R. S. 22-727, and section 4 of chapter 161 of the Laws of 1925, as now amended, except the limitation was then three years. So that in this case the court did hold that section 106 did apply to actions in the district court.

The next case cited is a rehearing of the former case in which the syllabus is as follows:

"Sections 80 and 81 of the executors and administrators act (Gen. Stat. 1909, §§ 3515, 3516), relating to the time when claims may be presented against an estate and allowed by the probate court, have no application to actions brought in the district court against an administratrix to recover upon a promissory note."

Sections 80 and 81 are the same as R. S. 22-701 and 22-702 and sections 1 and 2 of chapter 161 of the Laws of 1925, except as to the period of limitation being respectively three, two and one years. These sections are often called the nonclaim statutes. Section 1 of chapter 161 of the Laws of 1925 divides the demands against the estate into five classes. Section 2 is as follows:

"All demands not thus exhibited within one year shall be forever barred, saving to infants, persons of unsound mind, imprisoned or absent from the United States, one year after the removal of their disabilities."

These two sections, except that they are now limited to one year instead of three, are the sections said by the court in the syllabus above quoted to have no application to actions brought in the district court. This ruling was probably strengthened by reading in connection therewith the third succeeding section in the same act, R. S. 22-705, which is as follows:

"Any person may exhibit his demand against such estate by serving upon the executor or administrator a notice, in writing, stating the nature and

amount of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally exhibited from the time of serving such notice."

They all have reference to the making and exhibiting of a demand upon the executor or administrator, which is something exclusively applicable to the procedure in the probate court. To that extent these nonclaim sections are of course not applicable to a procedure in the district court, regardless of whether or not the limitation therein contained may be applicable, which we need not here determine because section 4 of chapter 161 of the Laws of 1925, also pleaded by the defendant as a bar, is a complete bar in itself and is along the line of "establishing" demands "in some court of record," as is said in the section preceding it. This section is as follows:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within one year from the time of his giving bond." (Laws of 1925, ch. 161, § 4.)

In the opinion on rehearing it was stated that the appellant claimed that section 106 was not applicable to procedure in the district court, and the court said: "We cannot accept this contention." Both these authorities state positively that section 106, now section 4, is applicable to cases in the district court.

By applying this section to the pleadings in the present case, the action of the plaintiff was barred in the district court as well as in the probate court, the administrator not being held to answer such a suit in any court.

The evident purpose of the statute was to protect the executor or administrator against stale claims and to enable him to close the estate and distribute the balance thereof without unnecessary delay. Except for those incapacitated, as mentioned in one of the sections above quoted, there is no good reason why administrations should long continue.

Section 4 of chapter 161 of the Laws of 1925 (formerly G. S. 1868, § 106, and later R. S. 22-727) has always been held to apply to proceedings in district court as well as in probate court:

"Section 106 of said act limits the time in which a suit may be brought to establish a claim either in the probate or district courts." (*Hanson v. Towle, Adm'r,* 19 Kan. 273, syl. ¶ 2.)

"Where a party holding a claim against an estate fails to commence pro-

ceedings in any court to establish it (by suit, revivor, or otherwise), against the administrator, for more than three years after the administrator has given bond, and due notice of his appointment, such claim is barred by section 106 of the executors and administrators act." (*Scroggs v. Tutt,* 23 Kan. 181, syl. ¶ 6. See, also, *Manley v. Mayer,* 68 Kan. 377, 382, 75 Pac. 550; *Hoover v. Hoover's Estate,* 104 Kan. 635, 180 Pac. 275; *Loveland v. Hemphill,* 122 Kan. 577, 253 Pac. 606.)

Appellant insists that the ruling in the Callahan case cited above is strongly in favor of his contention that if the action on the note or claim itself is not barred the proceeding in the district court should not be barred.

The action in the case last cited, *Farmers State Bank v. Callahan,* supra, was not against the estate of the deceased. It was against the administrator concerning some bank stock which he as administrator had in his hands, never having disposed of the same. The judgment was rendered against him and not against the estate. The action for double liability on the stock was not barred, and it fell not on the estate but upon the holder of the stock, and that happened to be the administrator.

We conclude that section 4 of chapter 161 of the Laws of 1925 applies to actions brought against administrators in the district court as well as in probate court and is a complete bar to any such action which is not commenced within one year from the time the administrator gives bond.

The judgment is affirmed.

JOCHEMS, J., not participating.