No. 31,893

In re The Estate of A. W. Shulthis, Deceased. E. Sewell and C. E. Stewart, as Administrators of the Estate of A. W. Shulthis, Deceased, *Appellants,* v. Henry Miller, *Appellee.*

(37 P. 2d 1005)

Opinion filed December 8, 1934.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellants.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order of the district court overruling a motion to dismiss a claim against the estate of a decedent, the probate court having sustained the motion and claimant having appealed to the district court.

The record discloses facts as follows: A. W. Shulthis died intestate December 29, 1922. On January 6, 1923, appellants were appointed administrators of his estate and duly qualified and published notice of their appointment. On June 24, 1933, the appellee, Henry Miller, filed his claim against the estate by duly exhibiting his demand in writing. This recited in substance that for many years claimant owned a certain described forty-acre tract of valuable land, and other land adjoining it, situated in the Verdigris river bottom; that A. W. Shulthis, in his lifetime, and his estate since his death, owned land east of claimant's land and between that and the river; that prior to 1917 there was a natural watercourse leading from claimant's land onto and across the Shulthis land to the river, which was a sufficient drain for claimant's land; that there is a public road along the east side of plaintiff's land turning west at the southeast corner thereof; that sometime in 1917 Shulthis, desiring to improve his land by closing the watercourse across it, proposed to claimant that he would construct a ditch west of the road along the east side of claimant's land to the southeast corner thereof, thence southward across intervening lands to the river; that there-

upon claimant and Shulthis entered into an oral agreement that claimant would permit the natural watercourse east of his land to be closed, and that Shulthis would complete such a drain along the east side of claimant's land and south to the rvier so as to drain claimant's land and keep it drained as well as it had been originally, and in the event of the death of Shulthis such drainage would be completed and maintained by his estate or personal representatives; that about two years after the improvements had been made the ditch was found to be insufficient, and Shulthis made further improvements thereon from time to time until his death; that thereafter his administrators told claimant on behalf of the estate that they would complete the drainage of claimant's land according to the agreement by him with Shulthis, and employed men to try to do so from time to time until September 11, 1931, on which date such administrators entered into an agreement with claimant in writing, a copy of which was attached to the claim or demand against the estate; that thereafter Shulthis' administrators did some work on the project, but the same was altogether insufficient; that on June 19, 1933, claimant orally demanded of the administrators that they proceed to complete the original contract by draining his land and place it in as good condition as before the natural watercourse was closed, and that the administrators refused to recognize such an agreement, and breached the same. Claimant alleged if the agreement had not been broken sixty acres of his land would have been worth $100 per acre, but because of such breach is worth not more than $25 per acre, and that it would cost claimant $4,500 to complete the drainage which Shulthis had agreed to make; that by reason of the breach of the agreement he was damaged in the sum of $4,500, and asked that his claim in that amount be allowed against the estate. The agreement of September 11, 1931, a copy of which is attached to the claim and demand, was between this claimant as party of the first part and E. Sewell and C. E. Stewart, administrators of the estate of A. W. Shulthis, deceased, as second parties. It provided that in consideration of second parties making certain improvements stated therein first party waived all claims, present and future, for damages to his land or personal property caused by the condition of the drainage from lands of second parties, or the drainage done or maintained by them, as long as second parties performed the promises specified; the promises specified were that the second parties would divert, except in time of

high water, the water from the ditch on the south side of claimant's forty-acre tract into the west half of the bridge at the crossroads at the southeast corner of the tract by building a concrete wall at a place stated, also would widen, maintain and keep open the north-and-south ditch along the east side of claimant's forty-acre tract from a certain flume to the crossroads, and keep the ditch in such shape that there will be a free passage of waters from the flume, except in times of high water.

When this claim was presented to the probate court the administrators moved to dismiss it for the reasons, (1) that the court had no jurisdiction, and (2) the time for filing claims against the estate had expired. The probate court sustained the motion. The claimant appealed to the district court, where the motion was overruled.

We need only to pass upon the question as to whether the claim filed June 29, 1933, more than ten years after the administrators were appointed, was presented in time. The statute in force at the time of the death of A. W. Shulthis (R. S. 22-702), with certain exceptions not here important, required all claims or demands against an estate to be exhibited within two years (the time is now one year, R. S. 1933 Supp. 22-702), unless the claim was one which accrued later (R. S. 22-729). Now, what is Miller's claim he seeks to have allowed here? It is that in 1917 Shulthis orally agreed with him to construct and maintain drainage for Miller's land, in consideration of which Miller agreed that Shulthis might close the natural watercourse; that Shulthis never carried out his agreement, although he lived five years after the agreement was made; that the agreement never has been carried out, but has been breached; that as a result of this breach his land has depreciated $75 an acre in value, and that it would cost claimant $4,500 to do what Shulthis agreed, but failed, to do. We see no reason why a claim of that kind could not have been filed directly after the administrators were appointed. The allegation in the claim that Shulthis agreed that in case of his death the work would be completed and maintained by his estate or personal representatives also was breached by the death, intestate, of Shulthis. The only way Shulthis could bind his personal representatives to do this work would be by a will directing his executors to do it. He left no will. Hence, the breach of the agreement was complete and Miller could have filed his claim at once.

Claims against an estate not presented to the probate court within

the time provided by statute are "forever barred." The statute (R. S. 22-702) so provides, and such are our decisions. (*McDaniel v. Putnam,* 100 Kan. 550, 553, 164 Pac. 1167; *Clark v. Eaton,* 109 Kan. 574, 576, 201 Pac. 71; *Loveland v. Hemphill,* 122 Kan. 577, 584, 253 Pac. 606; *Emanuel Home v. Bergin,* 127 Kan. 593, 274 Pac. 284; *Forrester v. Falkenstien,* 129 Kan. 485, 283 Pac. 623.)

The action alleged to have been taken by the administrators, and the contract of September 11, 1931, alleged to have been executed by them, did not toll the time of filing claim, or otherwise affect the matter. When A. W. Shulthis died intestate his real property passed to his heirs (R. S. 22-108; 22-118). The administrators had nothing to do with it, unless it was necessary to pay debts of the estate as provided by R. S. 22-801. (See *Lindholm v. Nelson,* 125 Kan. 223, 229, 264 Pac. 50, and cases there cited.) The administrators as such had no authority to spend any money on the real property nor to make any contracts concerning it. The claim in question, however, is not founded on any agreement between claimant and the administrators. If it were it would not be well founded, for it is well settled an estate cannot be held liable for the promise of an administrator, which promise he had no legal authority to make. (*Brown v. Evans,* 15 Kan. 88.)

The result is, the judgment of the trial court must be reversed, with directions to sustain the motion to dismiss. It is so ordered.