No. 34,024

Daisy Young Jordan, *Appellee*, v. S. L. Young, Administrator With the Will Annexed, and Frank Young, Heir at Law of May Young, Deceased, *Appellants*.

(84 P. 2d 970)

Opinion filed December 10, 1938.

*John J. Jones, James A. Allen* and *B. M. Dunham,* all of Chanute, for the appellants.

*T. R. Evans,* of Chanute, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This is an appeal from the judgment of the district court, which allowed a claim against a decedent's estate.

It is the contention of the appellant, S. L. Young administrator of the estate of May Young, deceased, and of the appellant, Frank

Young, a devisee under the will of the deceased, that the claim was barred by the statute of limitations and the statute of nonclaim.

May Young, a resident of Neosho county, died testate, April 12, 1936, and left surviving her, S. L. Young, her husband; four sons, and a daughter, Daisy Young Jordan, the claimant. The appellant, Frank Young, is one of the sons. It appears the deceased had drawn her own will on July 25, 1933. On August 5, 1924, she had executed and delivered to her daughter, Daisy, the appellee, a note in the sum of $500, which reads:

"CHANUTE, KANSAS, AUGUST 5, 1924.

"Ten years or before date, for value received, I promise to pay to the order of Daisy Young Jordan five hundred—00—dollars, Chanute, Kansas.

"With interest from date at the rate of 6 percent per annum until maturity and ten percent per annum from maturity until paid.

"The makers, sureties, endorsers and guarantors of this note, hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest.

"The interest is to compound yearly.

"If Daisy should die before paid this note is null and void.

(Signed)     MAY YOUNG."

The pertinent portions of her will provided:

"You boys Elmer, Frank, Bert and Ray your father S. L. Young gave each of you $500 when you was 21 years old, your Sister Daisy was to have $500 too but it never has been paid. *She must be paid.* I have given her a note and it is to draw interest from the time she was married August 5, 1924. She stayed at home, she worked and paid for her clothes since she was 16 years old, I am giving her her board and room, she deserved it, she did so many things for me while she was at home.

"My farm N. E. 23-27-17 is to go to my children named above, they must keep it up, pay taxes and insurance, they are to get the rent from it, do not give it away but sell it and divide the money *after Daisy is paid her $500 with interest.* . . ..

"I am doing what I think is right, I don't want to do more for one of you children than the other."

(Italics inserted.)

On May 20, 1937, proof of the execution of the will was made and filed in the probate court. On October 7, 1937, S. L. Young renounced the rights conferred upon him by the will and elected to take under the law. The record before us discloses that on October 12, 1937, the will was admitted to probate, and letters of administration were issued to S. L. Young, with will annexed. Proof of publication of the appointment of the administrator was filed in the probate court on October 28, 1937, the first publication date having

been October 13, 1937. On December 10, 1937, claimant filed in the probate court her so-called exhibit of demand. Omitting the caption, signature, verification, note and the will, the exhibit of demand was as follows:

"To S. L. Young, administrator with the will annexed of the estate of Mrs. May Young, deceased:

"You are hereby notified that I have a claim against the estate of Mrs. May Young, deceased, *as per the provisions of the will* of said deceased, a copy of which is hereto attached, marked exhibit 'A,' and so much thereof made a part hereof *as pertains to the note of claimant* mentioned therein of $500 and interest as per its terms, and that a copy of said note is hereto attached, marked exhibit 'B,' and made part hereof—amounting to the sum of $1,110.95, for which claimant prays judgment, a true copy of which account or instrument is hereunto attached and is herewith presented *as a part* of this notice of claim of demand;

"And you are hereby further notified that I will present the said account or demand to the probate court of Neosho county, Kansas, for allowance, on the 20th day of December, 19—, at the hour of ten o'clock a. m. of said day, or as soon thereafter as the same can be heard.

(Italics inserted.)             "Daisy Young Jordan, *Claimant.*"

The hearing took place in accordance with the notice. The appellant, Frank Young, prior to introduction of evidence, moved to have the claim dismissed on the grounds (1) the probate court had no jurisdiction in the matter, (2) the claim was barred by the statute of limitations, and (3) it was barred by the statutes of nonclaim. The motion was overruled. At the conclusion of the hearing the probate court ruled:

"And the court, hearing evidence for and against said claim, duly considering the same, and being fully advised in the premises, finds that said *claim accompanied by promissory note, dated August 5, 1924, and identical in import, is just and right and clearly in accord with the will and wishes of May Young, deceased,* and should be and the same hereby is allowed in the amount of $500 with six percent interest compounded annually until paid." (Italics inserted.)

Appeals were duly perfected to the district court. By stipulation the complete file of the administration of the estate of May Young, deceased, was made a part of the transcript. The same issues were raised as in the probate court, and with the same result. The amount of the claim as allowed by the district court was fixed at $969.42 and to draw interest at ten percent from date of the judgment of the district court, to wit: March 16, 1938. The claim was designated as a fifth-class claim and the costs of the proceedings were assessed against the estate of May Young, deceased. From that judgment the appeal comes to this court.

The trial in the district court was, of course, a trial *de novo*. (G. S. 1935, 22-1107; *Darnell v. Haines*, 110 Kan. 363, 203 Pac. 712.) Concerning that particular point, however, there is no dispute in the instant case. The sole question is, Was the claim made by appellee barred?

Appellants first direct our attention to the language of the note dated August 5, 1924, that language being, "Ten years or before date." Obviously, it could not have been intended by the maker the note should be due before it was executed. No specific statute of limitations is cited by appellants as applicable. None, so far as the record discloses, was called to the attention of the trial court. We may, therefore, proceed to the contention which the appellants stress in their brief. The general subject of the application of statutes of limitation to a claim such as that involved in the instant case will be treated in the course of the opinion.

Appellants urge the claim was barred by the statute of nonclaim. (G. S. 1935, 22-702.) Certain pertinent portions of that statute, as amended by section 4 of chapter 218 of the Laws of 1937, need not be considered. It did not become effective until June 30, 1937. The testatrix died April 12, 1936. Appellee's demand was not exhibited to the administrator until December 10, 1937, or one year, seven months and twenty-eight days after the death of the testatrix. Under the provisions of G. S. 1935, 22-702, all demands against the estate of the deceased are now barred unless so exhibited within one year. G. S. 1935, 22-727, however, provides:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within one year *from the time of his giving bond.*" (Italics inserted.)

This statute has been construed to apply to actions against administrators in the district court as well as to actions in the probate court, and that such action is barred unless commenced within one year from the time the administrator gives bond. (*Forrester v. Falkenstien*, 129 Kan. 485, 283 Pac. 623.) The administrator in the instant case was qualified and appointed on the 12th day of October, 1937. The exhibit of demand was served on the administrator December 10, 1937, and the hearing thereon was had on December 20, 1937. While the records before us do not clearly disclose the exact date the appeal was fully perfected, it appears to have been perfected in accordance with the provisions of G. S. 1935,

22-1107, on March 16, 1938. It thus appears that the exhibit of demand was served on the administrator, the claim was heard in the probate court, and the action was commenced in the district court, all prior to one year after the administrator gave bond. Appellants, however, insist a creditor cannot permit the statutory time to elapse, for the exhibition of claims, without procuring the appointment of a personal representative to whom a claim may be presented and thereafter file his claim when such personal representative is later appointed, citing numerous cases, including *Robertson v. Tarry,* 83 Kan. 716, 718, 112 Pac. 603; *Clark v. Eaton,* 109 Kan. 574, 201 Pac. 71, and *Sewell v. Miller,* 140 Kan. 650, 652, 37 P. 2d 1005, which are especially stressed. That this is the well-established rule in this state relative to ordinary claims of creditors cannot be doubted. Those and similar decisions, however, do not reach the precise issue involved in the instant case.

This was not an ordinary claim against an estate, nor was it a claim of an ordinary creditor. This claim is bottomed on the will of the deceased. It is founded upon the express and unequivocal direction of the testatrix. It is her specific mandate. She did not leave the distribution of this particular portion of her estate open to conjecture or speculation. Even though apparently she drew her own will, her intent as to the disposition of this part of her estate could not have been more clearly disclosed if it had been drawn by the most painstaking lawyer. With reference to this provision for her daughter, Daisy, she said, *"she must be paid."* How and when must she be paid? The will supplies the unmistakable answer to each of those questions. How must it be paid? She directed it must be paid out of the proceeds of the sale of her farm, and she described that farm. When must it be paid? After the sale of the land designated. She ordered the proceeds from the sale of the particular land should be divided among the other named children, but only after Daisy had first been paid her $500, with interest. True, a note had been executed as early as August 5, 1924, which evidenced the fact the mother had promised to pay her daughter the amount therein stated. The mother, however, was not willing to pass from this life and leave in the hands of her daughter only a note evidencing her wishes and desires. She therefore made provision in her will for the same principal amount with interest. The will was drawn about eight years after the note had been executed. That, irrespective of any statute of limitations or anything else, the mother still intended when she

made her will that such amount *must* be paid is too clear to admit of argument. That the cardinal rule of construction requires courts to ascertain the true intent of the testator needs no citations of authority. Another rule, just as well established, is that courts must give effect to the true intent of the testator where it can be ascertained. In the instant case that intent is clear. The will was executed July 25, 1933. The death of the testatrix was April 19, 1936. Appellee's demand was exhibited on December 10, 1937. Obviously, her rights under the will were not barred by any statute of limitations, if in fact they could be so barred.

In 24 C. J. 302 appears the following:

"An explicit direction in a testator's will to disregard the statute of limitations in the payment of his debts authorizes the representatives to pay all just debts, although barred by limitation, *and a direction to the executor to pay a specified debt is clearly a recognition of the debt, and an expression of an intention that it shall be paid regardless of the statute.*" (Italics inserted.)

Touching the statute of limitations, it has been held that where the will directs the payment of a specific debt, the will constitutes a recognition of the debt and a direction that it be paid, statute or no statute. (*Gilbert v. Morrison*, 6 N. Y. S. 491.)

Was her claim based on the provisions of the will? The pertinent portion of her exhibit of demand was:

"I have a claim against the estate of Mrs. May Young, deceased, *as per the provisions of the will* of said deceased, a copy of which is hereto attached, marked exhibit 'A,' and so much thereof made a part hereof *as pertains to the note of claimant mentioned therein* of $500 and interest as per its terms, and that a copy of said note is hereto attached, marked exhibit 'B,' and made part hereof, . . . ." (Italics inserted.)

It also will be observed from the pertinent portion of the will heretofore quoted, that before any mention was made of the note the testatrix in all probability intended to make a bequest to appellee. She reviewed the fact each of the boys had previously received $500 from their father, and that appellee was also to receive that amount, but that she had never received it. She then stated, "She must be paid." Thereafter the will constituted a narrative of the fact that the testatrix had previously given appellee a note, which represented the principal amount appellee was to receive, and that narrative was coupled with the direction the note should draw interest from August 5, 1924.

We think the proper construction to place upon the "exhibit of demand," considering the will and the note together, is that appellee

was claiming her rights, "*as per the provisions of the will*," and that the note was essentially evidentiary in character and fixed the rate of interest the note was to draw after maturity.

In this view of the matter, it is evident there could have been no final order of distribution without giving force to the plain provisions of the will which directed the disbursement to appellee. And that is true whether the will be construed to constitute a bequest or whether it be regarded merely as an acknowledgment of a specific debt with a testamentary direction to pay it with interest. For the purpose of this appeal we need, therefore, not decide the provision in question constituted a bequest. Viewing the will merely as a testamentary direction to pay a specific debt, it is difficult to understand the necessity for the filing of a claim therefor, or how the statute of nonclaim could affect it. In 11 R. C. L. 197 the rule is stated thus:

"While ordinarily a claim against a decedent's estate must be duly presented, proved, and allowed in the manner prescribed by law, where by a will a claim is expressly recognized as a debt and a charge against the estate, it is unnecessary to prove it, because an express trust to pay it is saddled upon the executor; and except in this manner a debt may be incapable of proof. The will may in effect operate as furnishing the evidence of an indebtedness incurred during the lifetime of the decedent.".

This court early held a general provision in a will to pay all just debts of the deceased did not relieve the creditor from presenting and proving a claim as required by law. (*Collamore v. Wilder*, 19 Kan. 67.) Here, however, we have not only an express provision for payment of a specific amount, but also a definite direction the payment should be made out of the proceeds from the sale of particular land belonging to decedent. In *Black v. Black*, 58 N. D. 501, 226 N. W. 485, 65 A. L. R. 852, it was held:

"When a will, in addition to general provisions for the payment of debts, contains a direction for the payment of a particular obligation, it is not necessary to present such claim for allowance." (Syl. ¶ 1.)

See, also, *O'Reilly v. McQuiggan*, 91 Miss. 498, 44 So. 986, 15 Ann. Cas. 623.

It is, of course, the duty of the appellant, administrator with will annexed, to carry out the provisions of the will, and he cannot be heard to deny the validity of a claim expressly directed to be paid by the will. (*Myron v. Roisland*, 63 N. D. 313, 247 N. W. 893.) Neither can the appellant devisee repudiate this testamentary provision. He is taking under the will. He will not be permitted to

accept the benefits under the will and reject its burdens. (*Selzer v. Selzer*, 146 Kan. 273, 69 P. 2d 708.)

Appellants remind us the instant claim was allowed only as a fifth-class claim. There is no cross-appeal on the question of proper classification. Obviously, however, appellants are in no position to complain on the ground the claim was relegated to the fifth class.

The judgment must be affirmed. It is so ordered.