No. 34,921

. Homer N. Hughes, *Appellant,* v. Herschel A. Hughes et al., *Appellees.*

(107 P. 2d 672)

Opinion filed December 7, 1940.

*H. E. Walter* and *Paul R. Wunsch,* both of Kingman, for the appellant.
*John McKenna,* of Kingman, for the appellees.

The opinion of the court was delivered by

Wedell, J.: In this action plaintiff sought to compel the specific performance of an alleged oral contract relating to a certain tract of land and, in the alternative, damages for the value of the land, or a decree impressing the land with a trust, the land having been devised to another contrary to the oral contract which plaintiff claimed to have had with the testator and which he performed during the life of the testator. Defendants prevailed, and plaintiff appeals.

The appeal is from an order sustaining defendants' demurrers to plaintiff's reply. The demurrers, of course, searched the record. It is conceded in the contentions of the parties that one of the specific issues raised was whether plaintiff, having elected to take under the will, could also compel performance of the alleged oral contract.

Other issues are argued. They are, whether the reply constituted a departure from and was inconsistent with the allegations of the last amended petition, whether the district court had jurisdiction over the subject matter of the action, whether several causes of action were improperly joined, whether the alleged oral contract was enforceable under the statute of frauds, and whether the action was barred by statutes of limitation. The defense that plaintiff is estopped to claim under the oral contract because he elected to take under the will, if valid, determines the lawsuit. We are told that was primarily the ground upon which the demurrers were sustained. In discussing that defense we shall state only facts which appear to be admitted by the pleadings and which are not challenged in the contentions of the parties. This approach makes it unnecessary to narrate in detail the various averments, and the general and special denials contained in the pleadings.

Plaintiff is the son of the testator, Edmon Ellsworth Hughes. The testator left surviving him two adult sons, the plaintiff, Homer N. Hughes, and Herschel A. Hughes. Herschel had a son, Richard D. Hughes, a minor. The particular land which plaintiff claims by virtue of his alleged oral contract was devised to Richard D. Hughes. The defendants were Herschel A. Hughes, executor of testator's estate, Richard D. Hughes, a minor, and John McKenna, guardian *ad litem* for Richard D. Hughes, a minor. The testator died April 27, 1938. The will was duly probated. The instant action was instituted February 25, 1939. The estate was then and is now in the process of administration. The alleged oral contract, under which plaintiff claims the land devised to Richard D. Hughes, was made in 1925, and was at that time alleged to have been fully performed by plaintiff. Under the will other land than that embraced in the alleged oral contract was devised to plaintiff. Plaintiff was also a beneficiary under the residuary clause of the will. Paragraph five of the will provided:

"I hereby will, give, bequeath and devise all the rest, residue and remainder of my property, that remains after the payment of my said debts, funeral expenses and the expenses of the administration of my estate, and after the foregoing bequests and devises of real property, to my two sons, Homer N. Hughes and Herschel A. Hughes, absolutely, the same to be equally divided among them, share and share alike."

No action or proceeding has been commenced by plaintiff to set aside or contest the will. On July 30, 1938, plaintiff accepted a par-

tial payment of his distributive share under the terms of the will. The receipt, which was signed and filed in the probate court for that distributive share, was as follows:

"I, Homer N. Hughes, a resident of the county of Reno and state of Kansas, do hereby acknowledge receipt of $400 from Herschel A. Hughes, executor of the estate of Edmon Ellsworth Hughes, deceased, the same being in partial payment of my distributive share in said estate under decree of distribution made by said court on the 29th day of July, A. D., 1938.

"Witness my hand this 30th day of July, A. D., 1938.

H. N. HUGHES, *Distributee.*"

Plaintiff pleaded in substance: The testator at his death held only the naked legal title to the land in question known as the "North Place"; the equitable title to the land was in the plaintiff by operation of law and resulted from the oral contract made with his father, which was fully performed by plaintiff in 1925; the "North Place" was no part of testator's estate at the time of his death, and was not subject to any devise; the title to the land was saddled with the trust, and the grandson held the title in trust for plaintiff, and should be required to convey it to plaintiff; plaintiff was not barred or estopped from claiming the land by reason of having accepted whatever was devised or bequeathed to him out of the property which remained a part of testator's estate.

The pleadings of plaintiff embrace his contentions. Defendants counter with the contention that the will was inconsistent with the rights of plaintiff under the alleged oral contract, in that the will devised to the grandson the specific land which plaintiff now claims under his contract, and that the acceptance by plaintiff of all benefits under the will constituted an election to take under the will, and a renunciation of his rights under the alleged oral contract.

It should be noted at the outset that the vital question now is not whether this particular land was at one time impressed with a trust in favor of the plaintiff. Nor is the question now whether such a trust, if it in fact existed, is ordinarily subject to enforcement. Nor is the question now whether this land was in fact no part of decedent's estate at the time of his death. The real question now is whether plaintiff's conduct, after the will was probated, affects his right to enforce the alleged oral contract, which contract is wholly inconsistent with at least that portion of the will which devised the property in question to another. The established fact is that testator treated that property in his will as his own, and hence as a part of his estate. The will, which was wholly inconsistent with title being

vested in the plaintiff, was admitted to probate May 5, 1938. Nothing was done to prevent its probate or to set it aside or contest it after probate. The estate has been in process of administration since May 5, 1938. So far as the record discloses, plaintiff has at all times acquiesced in the administration of the estate according to the terms of the will. On July 30, 1938, plaintiff not only acquiesced, but participated in the distribution of the estate according to the terms of the will. The sole *source* of his right to the benefit of the $400, which he accepted, was the will. That benefit was no part of his right under the alleged oral contract. The land which was in fact devised to plaintiff likewise constituted no part of his oral contract. He does not renounce that devise. He is accepting also that portion of his father's estate under the provisions of his father's will. In other words, plaintiff affirms the validity of the *source* of all these benefits, but, in effect, attempts to repudiate the validity of the same identical *source* of the benefits to his nephew. He contends, in substance, the will is a valid instrument as to those portions which are beneficial to him, and is an invalid instrument as to those portions which are not beneficial to him. If he prevails he will receive not only what it was testator's intention he should receive, but in addition thereto he will receive the land it was testator's intention he should not receive. That would include all of the farms devised except a small tract of land devised to a granddaughter.

In 69 C. J. 969 it is said:

"It is an obvious and settled equitable principle that there is an implied condition that he who accepts a benefit under a will shall adopt the whole, conforming to all its provisions, and renouncing every right inconsistent with it. The beneficiary accepts the legacy or devise under the condition of conforming to the will, and a court of equity will compel him to perform the condition. Especially is this true where, in addition to acceptance, he takes other steps in recognition of the validity of the will. Thus, subject to some exceptions discussed hereafter, it is well settled that a legatee or devisee who has accepted the benefits of a will is estopped to deny its validity, or to deny the jurisdiction of the court admitting it to probate, *or to claim other property devised or bequeathed by the will*, particularly where the donee does not restore the benefit received, or bring the money into court, or where an unreasonable period of time has elapsed between his acceptance and the advancement of the inconsistent claim, and he has during the period been in possession of the facts upon which his contention is founded." (§ 2162.) (Emphasis supplied.) (See references to cases in note 32.)

Exceptions to the general rule are discussed in the same text beginning at page 973, § 2165. The statement of principle particularly applicable to the instant case is there stated. It reads:

"The fact that a legatee or devisee has accepted the provisions of a will does not estop him from advancing any contention *not inconsistent with the will or his position thereunder.* Thus a donee's acceptance of a testamentary gift will not prevent him from setting up a claim to property *not included* in the will, or from asserting a claim which *is not against* the estate of the testator." (69 C. J. 973, § 2165.) (Emphasis supplied.)

In the instant case the land claimed by plaintiff was included in the will, and plaintiff, by his conduct, is estopped from claiming the land was not a part of testator's estate. It thus follows plaintiff could not prevail in the instant case even in jurisdictions where exceptions to the general rule are recognized.

The statement of principle which governs the instant case is clearly stated in 28 R. C. L. 330. It reads:

"Where a testator, after devising property owned by him to one beneficiary, assumes to devise to another property belonging to the first devisee, the devisee of the property owned by the testator if he accepts the devise with knowledge of all the facts, is precluded from asserting a claim to his own property devised to the other beneficiary. In order words, a legatee claiming under a will that devises away property of which he is owner can have the benefit of his legacy only upon renouncing in favor of the devisee his right to the property devised. The beneficiary must elect between keeping his own and taking what is given by the will." (§ 318.)

See, also, *Beetson v. Stoops,* 186 N. Y. 456, 79 N. E. 731; *Utermehle v. Norment,* 197 U. S. 40, 25 S. Ct. 291; 49 L. Ed. 655; 3 Ann. Cas. 520.

We have repeatedly held a devisee must either accept or reject a will as written and that he cannot accept its benefits and reject its burdens. (*Crowley v. Nixon,* 127 Kan. 178, 272 Pac. 104; 62 A. L. R. 585; *Selzer v. Selzer,* 146 Kan. 273, 69 P. 2d 708, 116 A. L. R. 1; *Jordan v. Young,* 148 Kan. 829, 84 P. 2d 970.) Obviously a beneficiary cannot accept benefits under a will without renouncing rights which are inconsistent with the will.

Plaintiff relies upon our decision in *Flick v. Murdock,* 119 Kan. 644, 239 Pac. 607, as being squarely in point in principle and conclusive on the proposition that plaintiff's acceptance of benefits under the will did not preclude him from standing upon his contract. In that contention we cannot concur. That action was brought against a defendant to set aside a deed. The defendant, who was there standing upon a contract which entitled him to the deed he already held, did not take under a will which was inconsistent with the terms of his contract and deed. The contract in the Flick case was made between the testator and his wife, Mary A. Murdock.

Under that contract Mary A. Murdock, defendant's stepmother, agreed with her husband to immediately will the property devised to her by her husband, to the stepson. She died without making a will. Her only heir at law was her father. Her father executed and delivered a deed to the property in question to the stepson. Plaintiffs, in that action, sought to set aside that deed. In doing so they contended defendant could not claim title to the land because he had accepted benefits under the will of his father and was, therefore, estopped from asserting any right under the contract which his stepmother had failed to perform. This court, in denying that contention, properly said:

"The plaintiffs argue that the defendant is estopped from questioning the right of the plaintiffs to this property because he accepted the property devised and bequeathed to him by the will of Welcome Murdock. He did accept that property. That acceptance would preclude him from contesting the validity of the will, but he is not contesting its validity. He claims that the will devised and bequeathed certain property to Mary A. Murdock, *but that the contract obligated her to will the property to him.* That contention is not inconsistent with the will and does not create an estoppel." (p. 648.) (Emphasis supplied.)

Clearly, the Flick case is not authority for plaintiff's contention in the instant case. The order sustaining the demurrers to the reply is affirmed.