J. J. ROBERTSON, *Appellee,* v. MARY A. TARRY, *as Administratix, etc., Appellant.*

No. 16,783.

OPINION ON REHEARING.

HEADNOTE BY THE REPORTER.

LIMITATION OF ACTION. Sections 80 and 81 of the executors and administrators act (Gen. Stat. 1909, §§ 3515, 3516), relating to the time when claims may be presented against an estate and allowed by the probate court, have no application to actions brought in the district court against an administratrix to recover upon a promissory note.

Appeal from Leavenworth district court. Opinion on rehearing, filed July 7, 1911. Reaffirmed. (For original opinion, see 83 Kan. 716.)

*W. W. Hooper,* for the appellant.
*A. E. Dempsey,* for the appellee.

*Per Curiam:* It is claimed in the petition for a rehearing that this action is barred by sections 80 and 81 of the executors and administrators act (Gen. Stat. 1868, ch. 37 §§ 80, 81, Gen. Stat. 1909, §§ 3515, 3516), and that section 106 of that act (Gen. Stat. 1868, ch. 37, § 106, Gen. Stat. 1909, § 3541) and section 17 of the code of civil procedure are not applicable.

Robertson v. Tarry.

We can not accept this contention.   Sections 80 and 81, *supra,* relate to the presentation of claims to the executor or administrator of an estate, and are more properly designated statutes of nonclaim than as statutes of limitation; they do not apply to actions in courts.

The right of the plaintiff as to the time of bringing the action is to be determined by section 17 of the civil code.   His action does not depend upon the tolling of any statute of limitation which bars actions on written contracts after the expiration of five years from the time a cause of action accrues thereon.   He brought the action promptly after the appointment of an administratrix and in less than five years after the maturity of the first maturing of the three notes.   His action was for a judgment in a court and not for the allowance of a claim by an administrator, and it was not barred by any statute of limitations.

There is no conflict between the various provisions in the statute of limitations.   They have been revised and reconsidered by the legislature and the courts of the state for a good many years, and are harmonious.

We are satisfied with our former decision, and the judgment is reaffirmed.