No. 27,381.

THE FARMERS STATE BANK OF KINGMAN, and CHARLES W. JOHNSON, Successor to William Docking, Receiver, etc., *Appellees*, v. DAN F. CALLAHAN, as Administrator, etc., *Appellant*.

SYLLABUS BY THE COURT.

1. BANKS AND BANKING—*Stockholders' Double Liability—Stock in Hands of Administrator—Time for Bringing Suit.* In an action against an administrator as ad interim title holder of shares of bank stock to enforce collection of the statutory liability of stockholders when the bank became insolvent, which action was timely begun after the bank's insolvency, it was no defense that the liability was not presented as a claim against the estate within two years after the letters of administration were granted, nor that no claim pertaining to such stockholder's liability was exhibited to the administrator at any time before bringing the action.

2. SAME—*Stockholders' Double Liability—Stock in Hands of Administrator— Effect of Time for Distribution—Necessary Parties.* Where the personal estate of a deceased person has passed into the hands of an administrator, he becomes ad interim the title holder of all shares of bank stock which had belonged to the deceased and which stood in her name in the bank records and in the records of the bank commissioner at the time of her death; and so long as he has not fully administered the estate and has not transferred the stock to the heirs of the deceased and has not received his discharge he is the proper party defendant in an action to enforce the statutory liability against shareholders of bank stock when the bank becomes insolvent; and the fact that the bank shares should have been transferred to the heirs of the deceased intestate and the administration closed long before the bank became insolvent is no defense to an action against the administrator for the collection of the stockholder's liability, and the heirs of the deceased were not necessary parties to the action.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed June 11, 1927. Affirmed.

*John McKenna* and *Charles C. Calkin*, both of Kingman, for the appellant.

*Clark A. Wallace* and *Paul R. Wunsch*, both of Kingman, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a stockholder's liability consequent upon the insolvency of a bank.

The defendant was the nominal title holder of the bank stock because of his being the undischarged administrator of his deceased wife's estate, and because he had not gone through the formality of

Banks and Banking, 7 C. J. pp. 507 n. 5, 510 n. 39. Corporations, 14 C. J. pp. 1012 n. 53, 1013 n. 60. Executors and Administrators, 24 C. J. p. 201 n. 62.

causing the stock which had been owned by his wife to be transferred on the books of the bank to her heirs, who were the defendant himself and his three minor children.

Chronologically the facts were these:

On October 20, 1918, Ora J. Callahan died intestate seized of 13⅓ shares of stock in the Farmers State Bank of Kingman. Her heirs were her husband, Dan F. Callahan, and three small children, Daniel, Martha and Eugene.

On October 24, 1918, Dan F. Callahan was appointed and qualified as administrator of Ora's estate, following which and within the next two years that estate was fully administered and all debts and claims presented against it settled, but the formality of transferring the bank shares to himself personally and to his children according to their proportionate interests therein had not been complied with; nor had the administrator received his formal discharge when—

On January 16, 1924, the Farmers State Bank of Kingman became insolvent.

On May 14, 1925, this action was begun. Issues were joined which developed no dispute of fact; and the files of the probate court concerning the administration of Mrs. Callahan's estate were introduced without objection.

Judgment was entered for plaintiff against the administrator for the full amount of the stockholder's liability under R. S. 9-110, and the administrator appeals.

It is argued that the estate of Ora J. Callahan was not liable because the claim here sued on was not a demand exhibited to the administrator within two years after the letters of administration were granted. (R. S. 22-702.) And of course it was not so exhibited, and could not have been, for no liability arose on these shares for more than five years thereafter. But it is hardly taking a comprehensive view of the legal question here presented to consider this particular liability as one against the estate of Mrs. Callahan. It is a liability attaching to the title and ownership of shares in a bank which has become insolvent. Wherever that title and ownership are vested the liability is imposed. And in its search for the proper title holder to be subjected to this liability the statute is not concerned with nice matters of law relating to the administration of estates. It looks to the bank records and finds the stock ownership still standing in the name of Ora J. Callahan; and on consulting

the records of the probate court it finds that she is dead and that her husband is her administrator, and that for some reason, good, bad or indifferent, he has not caused his *ad interim* legal title as administrator to be transferred on the books of the bank to the heirs of Ora's estate. The status of an administrator towards the personal property of an estate under his charge is that of legal title holder. (*Glathart v. Madden,* 122 Kan. 563, 253 Pac. 436.)

Another objection to the judgment is that no claim based on this stockholder's liability was ever exhibited to the administrator. But only such claims as require allowance by the probate court need such exhibition. (*Robertson v. Tarry,* 85 Kan. 450, 116 Pac. 486; *Hoover v. Hoover's Estate,* 104 Kan. 635, 180 Pac. 275.)

It is also suggested that this action should have been against the heirs of Ora J. Callahan. We think not. They had never received the bank stock. Title had never been transferred to them. It takes a formal assignment and transfer of bank shares to relieve the assignor of liability (*Bank v. Strachan,* 89 Kan. 577, 132 Pac. 200), and logically it would take such assignment and transfer, with the express or implied acceptance of the assignees, to perfect the attributes of ownership—benefits and burdens of stockholding—in the heirs of Ora J. Callahan.

It seems proper, therefore, that the liabilities attaching to title and ownership of this bank stock should be attached to the *ad interim* title holder, Dan F. Callahan, administrator. In imposing a statutory liability on shareholders in insolvent banks the law does not contemplate any exception to that liability; and an exception cannot be judicially declared in favor of an administrator who has neglected to wind up the estate and pass on the title to the other responsible holders who in turn would have taken the burdens along with the benefits of stock ownership.

The pertinent statutes read:

"The shareholders of every bank organized under this act shall be additionally liable for a sum equal to the par value of stock owned, and no more." (R. S. 9-110.)

"The shares of stock of an incorporated bank shall be deemed personal property and shall be transferred on the books of the bank in such manner as the by-laws thereof may direct. . . . (R. S. 9-153.)

"At any time after the closing of any incorporated bank, if it shall appear to the receiver thereof that the assets of such bank are insufficient to pay its liabilities, it shall be the duty of such receiver to immediately institute proper

proceedings in the name of the bank for the collection of the liability of the stockholders of such bank." (R. S. 9-156.)

In *Bank v. Strachan*, 89 Kan. 577, 132 Pac. 200, it was held:

"To effect an assignment and disposition of shares of capital stock in a bank so as to release the assignor from the superadded liability of shareholders fixed by law he must procure a transfer of the stock on the books of the bank in accordance with the provisions of the banking act.

"Such a transfer is essential to a release from liability of a shareholder who sells and assigns his stock to the bank itself in payment of a previously contracted debt owing by him to the bank." (Syl. ¶¶ 1, 2.)

In *State Savings Bank v. Allen*, 119 Kan. 128, 237 Pac. 646, it was said:

"In this state, for reasons of public policy, the objective test is applied to determine liability. Banking is affected with a public interest, and all state banks are under regulatory supervision of the state bank commissioner. A double record of the issue, ownership and transfer of stock must be kept, one in the bank and one in the bank commissioner's office. This is done for the benefit of the bank, of its creditors, of taxing officials, and in the interest of the public, represented by the bank commissioner. It is their privilege to rely on the records, and the bank commissioner may not be embarrassed in winding up the affairs of an insolvent bank by an investigation of the fact of ownership, determination of which depends ultimately on a jury's estimate of the registered holder's testimony regarding his mental attitude. If stock should be issued or transferred to a person without his knowledge or authority, nothing more appearing, he would not be subject to the liabilities of a stockholder; but whenever such a person does a voluntary act which stamps the certificate with apparent validity and vitality, he is bound by the record, whatever his intention may have been. If he desires to avoid the consequences of ownership he must see to it that the records do not present him as a registered holder." (p. 130.)

In the analogous case of *Baker v. Beach*, 85 Fed. 836, where the suit was to subject an executor to liability as nominal title holder of stock in an insolvent bank, the court said:

"The question to be decided in this case is as to the liability of the defendant Mary L. Macdonald, in her capacity as executrix of the last will of her husband, for an assessment upon shares of stock of the Merchants National Bank, of which he was owner at the time of his death. The will authorizes the executrix to settle up the estate without judicial proceedings. The executrix has paid all claims against the estate and liabilities of her husband which existed at the time of his death, and now claims the estate and all property rights of the deceased in her own right as the widow of the deceased and as guardian of her minor child. The shares of stock being personal property, ownership thereof passed to her as legal representative of the deceased—that is, executrix of the will—and the estate in her hands was liable for assessment thereon. As executrix, she could have transferred the title to herself individually, or to

any other person. But, having failed to make such transfer, she cannot be said to have completely settled up the estate, so as to claim exemption from liability in her capacity as executrix to the extent of the value of any assets of the estate remaining subject to her control. As the law makes no provision for discharging an executrix who assumes to carry out the provisions of a will in settling up the estate of a deceased person without other authority than the will itself, exemption from liability incident to ownership of any property which belonged to the deceased in his lifetime cannot be claimed until the title to all personal property of the deceased has been transferred, and until the heirs have obtained possession of all real property. A decree will be entered according to the prayer of the bill."

Defendant presses on our attention those provisions of the law of decedents' estates which govern the time in which accrued demands and later accruing demands may be exhibited to the administrator, and that this bank stockholder's liability was not thus presented. Quite true; and it could not have been so presented. Here the bank did not fail for more than five years after the time when the administration of Ora J. Callahan's estate should have been closed. But the law of decedents' estates has little significance in this lawsuit other than to aid in the discovery of the legal title holder of $13\frac{1}{3}$ shares of stock in this insolvent bank upon whom a consequent stockholder's liability can be properly imposed.

In *Douglass v. Loftus, Adm'x*, 85 Kan. 720, 119 Pac. 74, it was said:

"It can hardly be seriously contended that the estate of a deceased stockholder is not liable upon stock owned by him to the same extent that the stockholder was liable in his lifetime. In section 248 of volume 1 of the fifth edition of Cook on Corporations it is said:

" 'The estate of a deceased person is liable upon stock held and owned by the decedent in the same way and to the same extent that the stockholder was liable in his lifetime. Accordingly, an executor or administrator of the estate of a deceased stockholder is chargeable upon the shares of the decedent to the extent of the property that comes into his hands as the personal representative of the deceased. The cause of action against a stockholder, arising from his statutory liability, is not defeated by his death. The action may proceed against his estate.' " (p. 732.)

The other objections to the judgment have been carefully noted, but they are unavailing to disturb the judgment and present nothing to justify further discussion.

The judgment is affirmed.