No. 34,467

PAUL MASHETER, *Appellee,* v. HARRY A. LANNING, as Administrator of the Estate of Elizabeth Kreitzer, Deceased, and HARRY A. LANNING, as Administrator of the Estate of John Kreitzer, Jr., Deceased, *Appellants.*

(100 P. 2d 682)

Opinion filed April 6, 1940.

*Erle S. Francis* and *Erle W. Francis,* both of Topeka, for the appellants; *Harry A. Lanning,* of Seneca, *pro se.*

*R. M. Emery, Jr.,* and *John D. Cunningham,* both of Seneca, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a judgment debtor against the administrator of two estates of deceased cojudgment debtors to compel contribution after the joint and several judgment had been satisfied out of the property of the plaintiff. The plaintiff was one of four judgment debtors in a prior mortgage-foreclosure action. Plaintiff prevailed in the instant action for contribution, and the administrators of the decedents' estates have appealed.

The judgment debtors had purchased the mortgaged real estate and assumed payment of the mortgage debt. A joint and several judgment was rendered in the mortgage-foreclosure action against the plaintiff, the two parties now deceased, and one other person.

The two estates here involved are those of Elizabeth Kreitzer and John Kreitzer, Jr. Harry A. Lanning was appointed administrator for each estate. The mortgagee was the Federal Land Bank of Wichita. It obtained a foreclosure judgment December 7, 1932, in the sum of $7,815.14, together with interest thereon at eight percent. The land was sold for $5,807.67, leaving a deficiency on its judgment in the sum of $2,007.47. The sale was confirmed February 27, 1933. *Elizabeth Kreitzer died December 7, 1933.* The Federal Land Bank of Wichita filed an action September 18, 1937, upon its judgment against this appellee, in the state of Nebraska. It obtained a judgment there and on November 22, 1937, sold land of appellee to satisfy the unpaid balance of its joint and several judgment. *John Kreitzer, Jr., died November 27, 1937.* On January 27, 1938, petitions were filed in the probate court of Nemaha county, Kansas, for the appointment of administrators in the estates of both Elizabeth Kreitzer and John Kreitzer, Jr. Administrators were appointed for the respective estates February 17, 1938. On the date of their appointment, administrator's bonds were given and approved. The instant action by appellee against the administrators for contribution was filed January 24, 1939.

We shall first consider the validity of the judgment rendered

against the administrator of the estate of Elizabeth Kreitzer. Appellee contends his cause of action did not accrue against his cojudgment debtors until the judgment in favor of the Federal Land Bank was satisfied out of the sale of his land in the state of Nebraska on November 22, 1937. He further contends that thereafter he had a right to establish his claim against the respective estates by obtaining a judgment thereon in the district court and by exhibiting a copy of such judgment to the probate court (G. S. 1935, 22-707), and that nonclaim statutes did not begin to run against his demand until the appointment of the administrator and the filing of the administrator's bond. In support of his contention that the action was not barred, appellee cites *Robertson v. Tarry*, 83 Kan. 716, 112 Pac. 603; *Robertson v. Tarry* (on rehearing), 85 Kan. 450, 116 Pac. 486; *Bowlus, Executor, v. Winters*, 117 Kan. 726, 233 Pac. 111; and *Farmers State Bank v. Callahan*, 123 Kan. 638, 256 Pac. 961. He relies especially upon the Robertson case.

Appellants contend appellee's claim is that of a creditor of the estate of Elizabeth Kreitzer, and since appellee failed to have an administrator appointed within a reasonable time after the period of fifty days and one year elapsed, from the death of Elizabeth Kreitzer, his claim is barred. He directs our attention to the fact that four years and fifty-one days elapsed between the date of Elizabeth Kreitzer's death and the filing of a petition for the appointment of an administrator. Appellants also urge appellee has no claim against the estate of Elizabeth Kreitzer for the reason that no execution was issued by the Federal Land Bank on its judgment for a period of five years after its rendition, and that its judgment became dormant. (G. S. 1935, 60-3405.)

We deem it unnecessary to discuss the various contentions of the respective parties insofar as the judgment against the estate of Elizabeth Kreitzer is concerned. Under the conceded facts, we find no place for the application of the contentions made by the parties. Those contentions proceed upon the fallacious theory that on November 22, 1937, the date appellee's land was sold in Nebraska, there existed a valid judgment in favor of the Federal Land Bank and against Elizabeth Kreitzer. That judgment became dormant upon the death of Elizabeth Kreitzer, December 7, 1933. It might have been revived by her judgment creditor within two years after her death, but not thereafter. (G. S. 1935, 60-3221; *Harvey v. Wasson*, 91 Kan. 70, 136 Pac. 919; *Butler v. Rumbeck*, 143 Kan. 708, 56 P.

2d 80.)   The judgment of the bank against Elizabeth Kreitzer was at no time revived.   The judgment against her was not only dormant, but dead after December 7, 1935.   Therefore, when the bank filed its action in Nebraska on September 18, 1937, and when it sold the property of appellee in Nebraska on November 22, 1937, Elizabeth Kreitzer was not indebted to the bank.   Since she was not indebted to the bank, appellee could not and did not pay her debt.   It follows appellee never acquired a cause of action against Elizabeth Kreitzer or her estate for contribution.   Since appellee never had a claim against her estate it is, of course, futile to discuss statutes of nonclaim or limitation.

What about the judgment against the estate of John Kreitzer, Jr.?   A brief review of dates will be helpful.

December 7, 1932.   The joint and several judgment was rendered.

November 22, 1937.   Appellee's land was sold to satisfy the judgment.

November 27, 1937.   John Kreitzer, Jr., died.

February 17, 1938.   The administrator for the estate of John Kreitzer, Jr., was appointed and his bond was filed and approved.

January 24, 1939.   Appellee filed this independent action in the district court for contribution.

This action by appellee for contribution is based upon an implied promise of the cojudgment debtor to contribute toward the payment of the common debt when appellee paid that debt.   (*Mentzer v. Burlingame,* 78 Kan. 219, 220, 95 Pac. 836; *Guarantee Title and Trust Co. v. Viola State Bank,* 124 Kan. 776, 779, 262 Pac. 1037.)   That cause of action accrued to appellee when the common obligation was paid out of appellee's property, and the statute of limitation against his cause of action did not begin to run until the debt was paid on November 22, 1937.   (13 C. J. 833, Contribution, § 27, *b.* Limitations; 18 C. J. S. 23, Contribution, § 13, *b.* Limitations; 13 Am. Jur., Contribution, § 89; *Mentzer v. Burlingame,* supra; *Guarantee Title and Trust Co. v. Viola State Bank,* supra.)

G. S. 1935, 60-3437, provides for contribution between judgment debtors.   It provides that a person who pays the judgment is entitled to the benefit of the judgment to enforce contribution or payment if, within ten days after his payment, he files with the clerk of the court where the judgment was rendered notice of his payment and claim to contribution, and that upon the filing of such notice the clerk shall make entry thereof in the margin of the docket.   Such

notice was not filed in the instant case. It has, however, been held the notice prescribed by the statute need not be given where the party seeking reimbursement brings an independent action to compel contribution, and that the notice provision was intended to give the additional privilege of enforcing the right to contribution by the summary method of taking out execution upon the very judgment he has paid. (*Fort Scott v. Railroad Co.*, 66 Kan. 610, 612, 72 Pac. 238; *Reed v. Humphrey*, 69 Kan. 155, 160, 76 Pac. 390.) The action against the estate of John Kreitzer, Jr., was properly brought and was not barred by any statute of limitation.

Was the independent action equivalent to a demand against the estate and, if so, was it in time under our nonclaim statutes? Appellants contend the statutes of nonclaim begin to run from the date of the death of the decedent. In support of the contention, they rely upon cases involving claims of creditors in which no administrator had been appointed for more than fifty days and one year after the death of the decedent, and on certain other cases in which the claims of creditors were not filed within one year after the date of the administration bond. Those cases are not applicable to the facts in this case. Here the administrator's bond was filed in less than three months after the death of the decedent and the action was filed within one year from the date of the administrator's bond.

Appellants also rely upon section 4, chapter 218, Laws of 1937 (G. S. 1937 Supp. 22-702), which became effective June 30, 1937, and provides:

"All demands against an estate, whether due or to become due, whether absolute or contingent, not exhibited as required by statute within one year after the date of the administration bond, shall be forever barred, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability of decedent as surety, guarantor or indemnitor, saving to infants, persons of unsound mind, imprisoned or absent from the United States, one year after the removal of their disabilities, from payment by an administrator or by an executor unless a provision of a will requires payment of a demand filed later. No creditor shall have any claim against or lien upon the real property of the decedent, other than a lien of record prior to death of decedent, unless an executor or administrator has been appointed and he shall have filed his claim in the probate court within one year after the death of decedent."

We need not deal, in the instant case, with the last sentence of that statute upon which appellants rely. That portion of the statute pertains to the subject of a claim against, or a lien upon, real prop-

erty of the decedent. In other words, it specifies the property out of which the creditor may not obtain satisfaction of his claim unless the claim is filed in the probate court within one year after the death of the decedent. The question whether appellee might have his judgment satisfied out of decedent's real estate was not presented to or ruled upon by the trial court and it is not here for review. The questions presented were and are whether appellee had a claim against the estate of John Kreitzer, Jr., and, if so, whether it was made in time. The first of those questions has been answered. Was the claim filed in time? The first portion of the statute is clearly applicable to that question. John Kreitzer died November 27, 1937. The administrator's bond was filed and approved February 17, 1938. This action to determine appellee's right to contribution from the estate of John Kreitzer, Jr., was filed January 24, 1939. That was less than one year from the date of the administrator's bond. G. S. 1935, 22-727, provides:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within one year from the time of his giving bond."

G. S. 1935, 22-704, provides:

"All actions commenced against such executor or administrator after the death of the deceased shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator."

See, also, *Bristow v. First Trust Co.*, 140 Kan. 711, 715, 38 P. 2d 108.

The action against the administrator of the estate of John Kreitzer, Jr., was not barred by any statute of limitation or nonclaim and the judgment against his estate is affirmed. The judgment against the estate of Elizabeth Kreitzer must be reversed. It is so ordered.