548 P.2d 847

**Julie Ann GREGORY, Administratrix with Will Annexed of the Estate of J. B. Donaldson, Deceased, and Freeda Knutsen, Appellants,**

v.

**Charles L. PORTERFIELD and Ruth E. Porterfield, Appellees.**

**No. I CA–CIV 2884.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 15, 1976.

Rehearing Denied May 26, 1976.

Review Denied June 22, 1976.

Norling, Rolle, King & Oeser by James B. Rolle, III, Phoenix, for appellants.

Sundberg & Mousel by Gary Sundberg, Phoenix, for appellees.

## OPINION

OGG, Judge.

This appeal questions whether a debtor who has paid the debt can enforce contribution against his co-debtor where the statute of limitations has run on the judgment obtained by the original creditor.

The appellants/plaintiffs and appellees/defendants were stockholders in an Arizona corporation known as Penguin Motor Hotels, Inc. Both plaintiffs and defendants were among a group of thirteen guarantors for loans that were made to the corporation by a bank in Arizona and a bank in New Mexico. When the loan obligations became due the corporation defaulted and the banks made demand for payment to all of the guarantors, who were jointly and severally liable.

Thereafter, six of the thirteen guarantors paid off the corporation's debts to the bank. The six guarantors then brought an action in New Mexico, seeking contribution from the other guarantors (including the appellants and appellees) for the satisfaction of the corporation's liabilities. A judgment was entered on April 15, 1966, in the New Mexico court against the seven non-paying guarantors.

On September 25, 1972, the paying guarantors brought an action in Arizona against the appellants only, seeking to satisfy the New Mexico judgment. The trial court found for the appellants but the matter was appealed and subsequently reversed with instructions to enter judgment for the paying guarantors. See *Packer v. Donaldson,* 16 Ariz.App. 294, 492 P.2d 1232 (1972).

On April 19, 1973, pursuant to the New Mexico judgment, the appellants paid to the paying guarantors a sum in full settlement of their debt arising from the New Mexico judgment, setting forth the liabilities of the thirteen stockholders in the corporation. Upon the payment of that sum

the appellants commenced an action on May 24, 1973, in the Superior Court of Arizona, against the appellees for contribution toward the payment made by appellants to the paying guarantors. The appellees filed a motion to dismiss the action and it was granted on the theory that the appellants' complaint was barred by the statute of limitations since more than 7 years had elapsed from the April 15, 1966, New Mexico judgment before the appellants sued for contribution on May 29, 1973.

Appellants thereafter filed a motion for a new trial which was denied by the trial court and this appeal followed.

■ The essential question on appeal is whether the running of the statute of limitations on the original judgment affected the appellants' cause of action against the appellees for contribution. ARS § 12–549 provides:

An action upon a judgment or decree rendered in another state or foreign country shall be barred if by the laws of such state or country such action would there be barred and the judgment or decree is incapable of being otherwise enforced there.

The New Mexico statute limitations of actions, 5 New Mexico Statutes § 23–1–2 (amended 1965), provides in part:

Actions founded upon any judgment of any court of the state may be brought within seven [7] years from and after the rendition or revival of the judgment, and not afterward . . .

As previously stated, on April 15, 1966, a judgment was rendered in a New Mexico court against the seven non-paying guarantors, including the appellants and appellees. The original contractual obligations of the parties were merged in that judgment and the action for contribution brought by the appellants against the appellees was founded upon that New Mexico judgment. Appellants did not seek to enforce that action against appellees until May 29, 1973, in the Arizona Superior Court. The seven year

statute of limitations on the New Mexico judgment had run and under the provisions of ARS § 12–549 the action of the six paying guarantors against the appellees would be barred in Arizona.

The appellants argue that the statute of limitations does not begin to run with respect to a claim for contribution until the person seeking contribution has paid the judgment to the third party. See *Chicago & N.W. Ry. Co. v. Chicago, R. I. & P. R. Co.,* 179 F.Supp. 33 (1959) and *Masheter v. Lanning,* 151 Kan. 604, 100 P.2d 682 (1940).

We agree with this principle of law as it is applied to co-debtors who are jointly and severally liable to pay a debt. However, where the statute of limitations has barred recovery from one of the co-debtors on the underlying debt, he is no longer jointly and severally liable for such debt and the other co-debtors cannot obtain a judgment against him for contribution. *Masheter v. Lanning, supra; Cochran v. Walkers Executors,* 82 Ky. 220, 56 Am.R. 891 (1884).

Appellants are seeking contribution on a judgment which was paid after the statute of limitations had run as to the appellees. ▮▮▮▮ A statute of limitations is a statute of repose which allows a defendant to rely on its conclusive effects. See *Brooks v. Southern Pac. Co.,* 105 Ariz. 442, 466 P.2d 736 (1970). If we were to adopt appellants' argument that a right of contribution continues to exist after the statute of limitations has run against a co-debtor then we would, in effect, be saying that a debtor could, by not paying a judgment against him, *forever* threaten any co-debtor with an action for contribution. It is our opinion that once a claim has been barred by the statute of limitations as to a co-debtor, such co-debtor is no longer jointly and severally liable for the underlying debt and any other co-debtors are barred from seeking contribution from him. We believe this is a sound principle of law which allows for stability in business affairs.

In our opinion the trial court was correct in dismissing appellants' complaint on the theory that their claim for contribution was extinguished by the running of the statute of limitations against the co-debtor on the original judgment debt.

Affirmed.

JACOBSON and SCHROEDER, JJ., concur.